UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ERIC GOODWIN,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, ERIC GOODWIN, is a citizen of Missouri.

2. Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Sunshine*.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Carnival Sunshine* ("the vessel").

8. On or about October 26, 2019, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. On or about October 26, 2019, the vessel was anchored off the coast of Defendant's private island, Princess Cays, Bahamas ("Defendant's private island").

10. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Defendant's private island, Princess Cays*.

11. At all times material hereto, Defendant provided, owned, operated, managed, maintained, and controlled the furniture on *Defendant's private island, Princess Cays*, including, but not limited to, the subject dining table/picnic table, seat, and appurtenances thereto.

- 3 -

12. On or about October 26, 2019, Plaintiff was sitting and eating at a dining table/picnic table on Defendant's private island when suddenly and without warning the seat he was seated on collapsed, causing him to fall to the ground and sustain serious injury.

13. The dangerous and hazardous condition(s) were not open and obvious to the Plaintiff and there was nothing he could have done to have prevent his incident.

14. The table and seat were in the exclusive control, custody and care of the Defendant.

15. The table and seat were positioned in such a manner that it could not be adjusted by the Plaintiff or any other passenger.

16. The area the Plaintiff was sitting in was open and offered by the Defendant to passengers, including the Plaintiff.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

19. On or about October 26, 2019, the Plaintiff was sitting at a dining table/picnic table on Defendant's private island when suddenly and without warning the seat he was seated on collapsed, causing him to fall to the ground and sustain serious injury, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be.

20. On or about October 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to warn the Plaintiff of the dangers caused by the unreasonably dangerous seats on the private island, and/or; and/or

   b. Failure to warn the Plaintiff of the risks and/or dangers associated with the unsecured furniture, including seats, and the hazardous nature of the subject area; and/or

   c. Failure to warn passengers and the Plaintiff of other accidents arising from previous similar incidents of the danger posed by broken seats, yet failing to correct this problem.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have sat in the seat had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

22. At all times material hereto, the dining table/picnic table was unreasonably situated, secured, and/or placed in the subject area.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. At all times material hereto, it was the duty of Defendant to maintain Defendant's private island, including the dining table/picnic table where Plaintiff's incident occurred, in a reasonably safe condition.

27. On or about October 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

　　a. Failure to maintain and operate the area in a reasonably safe condition and manner; and/or

　　b. Failing to properly maintain the chair(s) on the private island in a reasonably safe condition, and/or

c. Failure to adequately and regularly inspect the dining table/picnic table and seat on Defendant's private island to determine whether furniture and/or seats were reasonably secured and safe; and/or

d. Failure to have adequate policies and procedures in place for the regular and adequate inspection and maintenance of the furniture and/or seats, including the dining table/picnic table of Defendant's private island; and/or

e. Utilizing improper and/or inadequate maintenance and/or inspection procedures pertaining to the furniture and/or seats, including the dining table/picnic table, so as ensure that the such seats, were properly secured; and/or

f. Failure to adequately and regularly inspect, maintain, monitor and/or keep the furniture and/or objects, including the dining table/picnic table and seat, in a reasonably safe condition;

g. Failing to follow the manufacturer of the subject dining table/picnic table instructions for maintaining its structure; and/or

h. Failure to clean and/or regularly rinse chairs on the private island to prevent the seats from becoming unreasonably dangerous for passengers to use, and/or;

i. Failure to promulgate and/or enforce adequate policies and/or procedures to ensure the seats on the private island remained free from any dangerous conditions, and/or;

j. Failure to have adequate policies and procedures in place for the regular and adequate inspection and maintenance of the furniture, including the seat of the dining table/picnic table of Defendant's private island.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

29. At all times material hereto, the dining table/picnic table were unreasonably situated, secured, and/or placed in the subject area.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of Defendant's private island and/or through prior incidents involving passengers injured due to unsecured furniture and/or seats being a hazard to passengers on Defendant's private island and/or Defendant's similar private islands with similar seating options.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

32. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. On or about October 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to maintain and operate the area in a reasonably safe condition and manner; and/or

   b. Allowing unreasonably dangerous chairs to remain on the private island for use by passengers, and/or;

   c. Failure to remove and/or rope off unreasonably dangerous chairs from the private island in the area of the Plaintiff's accident, and/or;

   d. Failing to have adequate chairs on the private island that would not degrade due to frequent use and/or exposure to the elements so as to create an unreasonably dangerous condition, and/or;

   e. Failure to properly install and use reasonable safe guards to prevent furniture, seats, including dining table/picnic tables situated on the private island, from breaking while being used by passengers; and/or

   f. Failure to adequately and regularly inspect the dining table/picnic table on Defendant's private island to determine whether furniture and/or seats were reasonably secured; and/or

g. Failure to adequately and regularly inspect, maintain, monitor and/or keep the furniture, including the seat of the dining table/picnic table, in a reasonably safe condition; and/or

h. Failure to adequately train, supervise and monitor its crewmembers on the regular and adequate inspection and maintenance of the furniture and/or seats, including the dining table/picnic table, of Defendant's private island; and/or

i. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant or which in the exercise of reasonable care should have been known by the Defendant; and/or

j. Failure to promulgate and/or enforce adequate policies and/or procedures to ensure that unreasonably dangerous chairs are removed from the private island, and/or;

k. Knowing from previous similar incidents of the danger posed by broken chairs, yet failing to correct this problem, and/or;

l. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff, and/or;

m. Failure to utilize well known standards of industrial ergonomics to reduce the risk of and/or prevent the type of accident suffered by the Plaintiff, and/or;

n. Failure to ascertain whether the chairs meet applicable standards, such as ASTM F1166; and/or

o. Failure to ascertain the cause of substantially similar prior accidents which occurred on the same and other vessels in the Defendant's fleet so as to take the necessary measures to prevent their re-occurrence, and more particularly Plaintiff's accident, as the ISM

      Code and the Defendant's Ship's Quality Management Manual or its equivalent namesake requires the Defendant to do; and/or

p. Failure to close off access to the area where Plaintiff suffered his incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident were corrected, modified, and/or eliminated; and/or

q. Other instances of negligence revealed through discovery.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

35. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the dining areas of Defendant's private island and/or through prior incidents involving passengers injured due to unsecured furniture and/or seats on Defendant's private island and/or Defendant's similar private islands with similar seating areas.

36. Further, the Plaintiff asserts a rebuttable presumption pursuant to the principle of Res Ipsa Loquitur.  Specifically, here:

r. The incident of a dining table/picnic table seat on Defendant's secluded and private island breaking while being used as a seat by a passenger in an area made available to passengers by the Defendant is the type of incident that does not generally happen without negligence;

s. The subject dining table/picnic bench was solely in Defendant's control; and

    t.  The Plaintiff did not contribute to the incident because he did not do anything but sit on the seat of the subject dining table/picnic table.

Therefore, the Plaintiff is entitled to a rebuttable presumption of negligence by the Defendant.

37. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

        Respectfully submitted,

        LIPCON, MARGULIES,
        ALSINA & WINKLEMAN, P.A.
        *Attorneys for Plaintiff*
        One Biscayne Tower, Suite 1776
        2 S. Biscayne Boulevard
        Miami, Florida 33131
        Telephone No.: (305) 373-3016
        Facsimile No.: (305) 373-6204

By:  */s/ Michael A. Winkleman*
      **MICHAEL A. WINKLEMAN**
      Florida Bar No. 36719
      mwinkleman@lipcon.com
      **MARC E. WEINER**
      Florida Bar No. 91699
      mweiner@lipcon.com